The defendants move to strike count four of the plaintiffs' complaint on the ground that loss of consortium is not actionable under General Statute § 14-295. General Statutes § 14-295
provides in relevant part that: "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages . . ." The defendants argue that this court should align itself with the Superior Court decisions finding that loss of consortium is not actionable under General Statutes § 14-295. See Beal v. Cholewa, Superior Court, judicial district of New London at New London, Docket No. 535842 (November 8, 1995) (Hurley, J.); McGuire v. Ferguson, Superior Court, judicial district of Litchfield, Docket No. 068021, 14 CONN. L. RPTR. 624 (July 31, 1995) (Pickett, J.) (finding that the legislature specifically provided for the derivative claim of wrongful death under § 14-295 but not loss of consortium). The Connecticut Supreme Court has, however, held that loss of consortium is a personal injury. See Izzo v. Colonial Penn Ins. Co.,
CT Page 13301-L203 Conn. 305, 313, 524 A.2d 641 (1987) (finding that "loss of consortium, although a personal injury is not a bodily injury to the claimant"); Hopson v. St. Mary's Hospital, 176 Conn. 485, 492-93,408 A.2d 260 (1979) (finding loss of consortium to be a real and personal injury). Thus, other Superior Court decisions have allowed for loss of consortium claims under § 14-295. SeeGiampietro v. McGinley, Superior Court, judicial district of New Haven, Docket No. 403111 (June 23, 1998) (Moran, J.) (discussing the relevant Superior Court case law on the issue of loss of consortium recovery under § 14-295 and ultimately finding loss of consortium actionable under that section); Patient v.Stokes, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 470414 (January 30, 1996) (Arena, J.);Ammerman v. Johnson, Superior Court, judicial district of Waterbury, Docket No. 121129, 15 CONN. L. RPTR. 299 (October 24, 1995) (Vertefeuille, J). Furthermore, principles of statutory construction require that technical words and phrases such as "personal injury" be given their peculiar and appropriate meaning in law. See General Statutes § 1-1. Here, the term loss of consortium is a personal injury as defined by the Connecticut Supreme Court. An action for loss of consortium is, therefore, CT Page 13301-M sustainable under General Statutes § 14-295. Accordingly, the defendants' motion to strike count four is denied.